NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-826

CARLTON WHITE, JR.

VERSUS

NELMA WHITE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2003-329
HONORABLE LILYNN CUTRER, DISTRICT JUDGE

**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy H. Ezell, Judges.

AFFIRMED.

Nathan A. Cormie
P. O. Box 1626
Lake Charles, LA 70602
(337) 439-2422
Counsel for Plaintiff/Appellee:
    Carlton White, Jr.

**Ralph J. Williams**
**P. O. Box 1025**
**Lake Charles, LA 70602**
**(337) 436-1718**
**Counsel for Defendant/Appellant:**
     **Nelma White**

GREMILLION, Judge.

The defendant, Nelma White, appeals the judgment of the trial court partitioning the property of her and her ex-husband, the plaintiff, Carlton White, Jr. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2006, the trial court partitioned the community property acquired by Nelma and Carlton during their marriage. Thereafter, Carlton filed a motion for new trial, which was denied. Nelma timely appealed to this court. Nelma's only assignment of error is that the trial court erred by not awarding her the ownership of a certain vacant lot.

## DISCUSSION

The division of community property and the settlement of claims arising from former community property is governed by La.R.S. 9:2801. A trial court's finding with regards to the division and valuation of community property will not be disturbed in the absence of manifest error. *See Bridges. v. Bridges,* 96-1191 (La.App. 3 Cir. 3/12/97), 692 So.2d 1186. Louisiana Revised Statute 9:2801(A)(4)(c) states:

> The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.

Nelma and Carlton purchased "Lot 8" in 1982, the year they were married, and "Lot 9" in 1995, during the marriage. They built their marital residence

1

on Lot 8.  The trial court awarded Carlton both lots along with the marital home, finding that it would not be prudent to have the parties residing next to each other, due to "a history of not getting along."  The trial court further stated, in its written reasons for judgment, that it "did not believe that it [was] in the best interest of either party to have the parties residing next door to each other."

Nelma argues that the trial court failed to address the *nature and source* of the two lots or the *economic condition* as it relates to Nelma's ability to purchase other immovable property.  She argues that both she and Carlton worked during the marriage to buy the properties and that she will not have any immovable property to pass to her heirs.  She further argues that her only income is a small retirement and that, although she was awarded some money to be paid by Carlton, he testified that he was "broke" and there is no guarantee that she will get it.

We have reviewed the testimony and evidence and cannot say that the trial court erred in awarding the vacant lot to Carlton.  At trial, Nelma asked that Lot 9 be awarded to her but did not go into any of the details which she now asserts on appeal as to why that should be the case.  On the other hand, there was evidence that Nelma owned a house, which she may have given to her son, and that Carlton requested reimbursement for monies expended on that separate property.  Moreover, there was also evidence that the divorce had been bitter involving restraining orders, calls to the police, and threats.  Accordingly, we find the trial court did not err in awarding the adjacent vacant lot to Carlton.  We additionally note that Nelma has legal remedies at her disposal to enforce the judgment awarding her reimbursement in the amount of $145,782.31.  Accordingly, this assignment of error is without merit.

## CONCLUSION

The judgment of the trial court awarding the plaintiff-appellee, Carlton White, Jr., Lot 9 is affirmed. All costs of this appeal are assessed against the defendant-appellant, Nelma White.

**AFFIRMED**.

This opinion is NOT DESIGNATED FOR PUBLICATION, Uniform Rules—Courts of Appeal, Rule 2-16.3.